United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40152
Summary Calendar

TONY CHAVEZ,

Plaintiff-Appellant,

versus

THOMAS PRASIFKA, Senior Warden; RICHARD MORRIS, Major; MARY A
GONZALES, Head of Classification; S CULVER, Officer; HODGE,
Warden,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(C-02-CV-372)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Tony Chavez ("Chavez"), Texas prisoner
#868675, appeals the magistrate judge's grant of summary judgment
to the defendants in his 42 U.S.C. § 1983 action concerning an
assault on Chavez by an inmate named Armon Shepard ("Shepard").
Chavez alleged that the defendants were deliberately indifferent to
a substantial risk of serious harm to him by reclassifying Shepard
to a lower security level and allowing him to share a cell with

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chavez. Chavez argues that he produced evidence sufficient to show a genuine issue of material fact as to whether Warden Hodge was deliberately indifferent to a substantial risk of serious harm to him by overriding the state computer's recommended security classification for Shepard. Chavez also asserts that the magistrate judge misconstrued his arguments when ruling on Warden Hodge's motion for summary judgment.

We review the grant of a motion for summary judgment de novo. Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). Shepard produced no direct evidence showing that Warden Hodge made the inference that reclassifying Shepard created a substantial risk of serious harm. Considering the summary judgment evidence in the light most favorable to Chavez, it does not show that the risk was so obvious that Warden Hodge must have made the inference. This is insufficient to create a genuine issue of material fact as to whether Warden Hodge was deliberately indifferent to a substantial risk of serious harm to Chavez. See Adames v. Perez, 331 F.3d 508, 514 (5th Cir. 2003). Therefore, the magistrate judge did not err in granting summary judgment to Warden Hodge on the merits and finding that Warden Hodge was entitled to qualified immunity. See McClendon v. City of Columbia, 305 F.3d 314, 326-27 (5th Cir. 2002) (en banc). The record refutes Chavez's contention that the magistrate judge misconstrued his arguments. As Chavez does not argue that the magistrate judge erred by granting summary judgment to Warden Thomas Prasifka, Major Richard

2

Morris, Mary A. Gonzales, and S. Culver, he has waived all such arguments.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.